GRAY v. THE STEAM-TUGS JESSIE RUSSELL and ATALANTA.

*(District Court, E. D. New York. ——, 1881.)*

1. COLLISION—STOPPING—NOTICE.

   Stopping by a tow is not necessarily equivalent to notice to an approaching tow to come on.

2. SAME—NARROW CHANNEL—TOW—LONG HAWSER.

   It is not negligence in a tug having in tow, in a narrow channel, a lighter with a bowsprit some 14 feet long, to use a length of hawser which brought such bowsprit within 40 feet of the stem of the tug.

3. SAME—NEWTOWN CREEK.

   Easy and cautious movements are the rule in the navigation of Newtown creek, and those who adopt a different method do so at their own risk.—[ED.

*W. W. Goodrich,* for libellant.

*Ludlow & Carter,* for claimant of the Jessie Russell.

*Davies, Work, McNamee,* and *Hilton,* for claimant of the Atalanta.

BENEDICT, D. J. This action is brought to recover of the tugs Jessie Russell and Atalanta the damages caused to the canal-boat Herrick by a collision that occurred in Newtown creek on the thirteenth of February, 1879. At the time of the collision the canal-boat was being towed astern of the Russell down Newtown creek. The tug Atalanta was proceeding up the creek, having the lighter Mickle in tow astern, when the canal-boat was just clearing the fourth bridge. She was struck by the lighter in tow of the Atalanta, and sustained the injuries complained of.

I have little hesitation in concluding that this collision is to be attributed to fault on the part of the Russell, in that, knowing of the bend in the river below, she pushed on through the bridge instead of stopping. This she did in hope of reaching a bight in the river below the bridge, where the tows could pass in safety, and with the knowledge that if she failed to reach the bight in time escape from collision would depend upon the ability of the lighter in that time and distance to keep herself out of the way. The prudent course, under the circumstances, was to wait above the bridge. The

course involving risk was to push ahead, and strive to reach the bight in time. The Russell attempted the dangerous maneuver, and, having failed, must suffer the consequences. Easy and cautious movements are the rule of this locality, and those who adopt a different method do so at their own risk.

No fault can be attributed to the lighter. She did all that it was possible for her to do under the circumstances. Towed as she was, it was inevitable that she should be off the course of the Atalanta in turning the bend; and the fact that when she struck the canal-boat she was not in the wake of the Atalanta does not convict her of negligence. Neither can any fault be attributed to the Atalanta. Two faults have been charged upon her—one, that she stopped and thereby rendered it more difficult for the lighter to regain her position in the Atalanta's wake after passing the bend. But, as I view the evidence, the prudent course for the Atalanta, under the circumstances, was to stop, as she did. Nor was this stopping, in view of the then position of the lighter, equivalent to notice to the Russell to come on through the bridge. The other fault charged upon the Atalanta is that she was towing the lighter with too long a hawser. This point was much pressed, and certainly is worthy of consideration. But, after full examination, I conclude that the evidence will not justify a finding that it was negligence on the part of the Atalanta, having to tow such a lighter with a bowsprit some 14 feet long in such a channel as Newtown creek, to use a length of hawser which brought the bowsprit within 40 feet of the stem of the tug.

Decree for libellant against the Jessie Russell, and libel against the Atalanta dismissed, with costs.